1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10   MICHAEL WAGNER,                    CASE NO. 5:13-cv-04699 EJD

11                                      **ORDER GRANTING DEFENDANTS'**
                   Plaintiff(s),        **MOTION TO DISMISS**
12     v.

13   XAVIER DE LA TORRE, et. al.,       [Docket Item No(s). 22]

14
15                 Defendant(s).
     _____/

16          Presently before the court is a Motion to Dismiss the Complaint filed by Plaintiff Michael

17   Wagner ("Plaintiff").  See Docket Item No. 22.  In the motion, Defendants Xavier de la Torre, Al

18   Saxe, Anita Parsons and the Santa Clara County of Education ("Defendants") argue that Plaintiff's

19   Complaint must be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)

20   because (1) Plaintiff did not allege that he exhausted his administrative remedies before asserting

21   causes of action for sexual harassment under Title VII of the Civil Rights Act of 1964, and (2)

22   Plaintiff has not alleged sufficient facts to state a claim.

23          Plaintiff did not file opposition to the motion, and the time for filing such opposition has

24   passed.  Accordingly, the court finds this matter suitable for disposition without oral argument

25   pursuant to Civil Local Rule 7-1(b).  The motion hearing scheduled for March 21, 2014, is therefore

26   VACATED and Defendants' Motion is GRANTED for the following reasons:

27          1.      Plaintiff's skeletal Complaint is subject to dismissal under Rule 12(b)(6) because it

28                  does not contain sufficient factual allegations to meet the pleading standard which

**United States District Court**
For the Northern District of California

                                      1

applies.  Indeed, Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead

each claim with sufficient specificity to "give the defendant fair notice of what the . .

. claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S.

544, 555 (2007) (internal quotations omitted).  Moreover, the factual allegations

"must be enough to raise a right to relief above the speculative level" such that the

claim "is plausible on its face." Id. at 556-57.  Here, Plaintiff has not stated a Title

VII hostile work environment claim based on sexual harassment because the facts do

not establish the following elements: "(1) that he was subjected to verbal or physical

conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that

the conduct was sufficiently severe or pervasive to alter the conditions of the

plaintiff's employment and create an abusive work environment." Vasquez v.

County of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

2.      In addition, Plaintiff's Complaint is subject to dismissal under Federal Rule of Civil

Procedure 12(b)(1) because Plaintiff did not allege that he exhausted his

administrative remedies before initiating this action. See Surrell v. Cal. Water Serv.

Co., 518 F.3d 1097, 1104 (9th Cir. 2008).

Based on the foregoing, Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND.

Any amended complaint must be filed on or before **March 14, 2014**, and must conform to the

discussion contained in this Order.  Plaintiff is advised that failure to file a timely amended

complaint or failure to amend the complaint in a manner consistent with this Order may result in the

dismissal of this action without further notice.  Plaintiff is further advised that he may not add new

claims or parties without first obtaining Defendants' consent or leave of court pursuant to Federal

Rule of Civil Procedure 15.

//

//

//

//

//

United States District Court

For the Northern District of California

2

Because the Complaint is presently dismissed in its entirety, the court declines to set a case management schedule at this time.  The Case Management Conference scheduled for February 28, 2014, is therefore VACATED.

**IT IS SO ORDERED.**

Dated:  February 25, 2014

EDWARD J. DAVILA
United States District Judge

**United States District Court**
For the Northern District of California

CASE NO. 5:13-cv-04699 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS